Form No. 3 (Pg. 1)

B 104
(Rev. 2/92)

# ADVERSARY PROCEEDING COVER SHEET
(Instructions on Reverse)

ADVERSARY PROCEEDING NUMBER
(Court Use Only)

| PLAINTIFFS | DEFENDANTS |
|---|---|
| | |
| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (if Known) |

**PARTY** (Check one box only)   ☐ 1 U.S. PLAINTIFF   ☐ 2 U.S. DEFENDANT   ☐ 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

## NATURE OF SUIT
(Check the one most appropriate box only.)

☐ 454  To Recover Money or Property

☐ 455  To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 Plan

☐ 456  To obtain a declaratory judgment relating to any of foregoing causes of action

☐ 435  To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property

☐ 426  To determine the dischargeability of a debt 11 U.S.C. §523

☐ 459  To Determine a claim or cause of action removed to a bankruptcy court

☐ 457  To obtain approval for the sale of both the interest of the estate and of a co-owner in property

☐ 434  To obtain an injunction or other equitable relief

☐ 498  Other (specify)

☐ 424  To object or to revoke a discharge 11 U.S.C. §727

☐ 458  To subordinate any allowed claim or interest except where such subordination is provided in a plan

**ORIGIN OF PROCEEDINGS**
(Check one box only.)

☐ 1 Original Proceeding   ☐ 2 Removed Proceeding   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another Bankruptcy Court

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

| DEMAND | NEAREST THOUSAND $ | OTHER RELIEF SOUGHT | ☐ JURY DEMAND |
|---|---|---|---|

### BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR | BANKRUPTCY CASE NO. |
|---|---|

| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING **NO.** |
|---|---|---|

| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|

**FILING FEE**   (Check one box only.)   ☐ FEE ATTACHED   ☐ FEE NOT REQUIRED   ☐ FEE IS DEFERRED

| DATE | PRINT NAME | SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|---|---|

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**WESTERN DIVISION**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| DEHON, INC.,* ) | Case No. 02-41045 (HJB) |
| ) | |
| ) | (Substantively Consolidated) |
| Debtor. ) | |
| ) | |
| * The Debtor, formerly named ARTHUR D. LITTLE, INC., ) | |
| changed its name to Dehon, Inc. following the sale of ) | |
| substantially all of its operating assets pursuant to an order of the ) | |
| Bankruptcy Court dated April 29, 2002. ) | |
| ) | |
| ) | |
| STEPHEN S. GRAY, ) | |
| AS PLAN ADMINISTRATOR OF ) | |
| DEHON, INC., ) | |
| ) | |
| Plaintiff, ) | Adversary Proceeding |
| ) | No. _____ |
| v. ) | |
| ) | |
| OCEAN REEF CLUB, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT TO AVOID AND RECOVER**
**TRANSFERS OF PROPERTY UNDER 11 U.S.C. §§ 547 AND 550**
**AND TO DISALLOW CLAIM UNDER 11 U.S.C. § 502(d)**

Plaintiff, Stephen S. Gray, the duly-appointed Plan Administrator of Dehon, Inc.

("Plaintiff") (Dehon, Inc. referred to herein as "Dehon"), by and through his undersigned

counsel, files this Complaint pursuant to Rule 7001, *et seq.* of the Federal Rules of

Bankruptcy Procedure ("Bankruptcy Rules"), seeking the avoidance and recovery of

certain transfers made by Dehon within ninety (90) days of the commencement of the

above-captioned Chapter 11 case pursuant to Sections 547 and 550 of the United States

Bankruptcy Code ("Bankruptcy Code"); and, in the event the Defendant fails to return

avoidable transfers, seeking disallowance of defendant's claim, if any, pursuant to

Section 502(d) of the Bankruptcy Code.  In support thereof, Plaintiff alleges as follows:

**The Parties**

1.      Plaintiff is Stephen S. Gray, the duly-appointed Plan Administrator of

Dehon.

2.      The Defendant is Ocean Reef Club ("Defendant").  Upon information and

belief, Defendant has a principal place of business at 35 Ocean Reef Drive, Key Largo,

FL 33037.

**Jurisdiction and Venue**

3.      This Court has jurisdiction over this adversary proceeding pursuant to 28

U.S.C. § 1334.  This proceeding is a core proceeding pursuant to 28 U.S.C.

§157(b)(2)(F).

4.      Venue is proper in this district under 28 U.S.C. § 1409(a).

5.      This Court has personal jurisdiction over Defendant pursuant to

Bankruptcy Rule 7004(f) and because Defendant transacted and did business with Dehon,

a Massachusetts corporation with its principal place of business in Massachusetts, before

the Petition Date (as defined below).

**Background**

6.      On February 5, 2002 (the "Petition Date"), Dehon and certain of its

subsidiaries (collectively, the "Initial Debtors") each filed a voluntary petition for relief

under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the

District of Delaware (the "Delaware Bankruptcy Court").

7.    On February 12, 2002, the Delaware Bankruptcy Court transferred venue of the Initial Debtors' bankruptcy cases to the United States Bankruptcy Court for the District of Massachusetts (Western Division) (the "Massachusetts Bankruptcy Court").

8.    On or about February 14, 2003, the Court confirmed (the "Confirmation Order") the Modified *Second Amended Plan of Liquidation of Dehon, Inc. (f/k/a Arthur D. Little, Inc.) and Its Debtor Subsidiaries* (the "Dehon Plan").  On February 25, 2003 (the "Effective Date"), the Dehon Plan became effective pursuant to Article IX thereof. Under the Dehon Plan, all of the assets and liabilities of the Debtors were substantively consolidated as if they were merged with the assets and liabilities of Dehon.

9.    Pursuant to the Dehon Plan and Confirmation Order, Plaintiff was appointed the Plan Administrator of Dehon.

10.    Pursuant to the Dehon Plan, Plaintiff is authorized, among other things, to investigate, enforce, sue on, settle or compromise (or decline to do any of the foregoing) any or all "Rights of Action," including all avoidance actions under Sections 544 through 550 of the Bankruptcy Code.

## Count I – Avoidance of Preferential Transfers (11 U.S.C. § 547)

11.    The Plaintiff repeats and realleges the allegations of paragraphs 1 through 10 with the same force and effect as though fully set forth herein.

12.    On or within ninety (90) days before the Petition Date (the "Preference Period"), Dehon made transfers (each a "Transfer," and collectively, the "Transfers") to Defendant of an interest of Dehon in property in the form of payments, including, without limitation, the payments set forth on Exhibit A attached hereto in the aggregate amount of $40,781.13.

-3-

13.     Defendant was a creditor of Dehon at the time of the Transfers within the meaning of 11 U.S.C. § 101(10)(A).

14.     The Transfers were made by Dehon to or for the benefit of Defendant within the meaning of 11 U.S.C. § 547(b)(1).

15.     The Transfers were made by Dehon to Defendant for or on account of an antecedent debt owed by Dehon to Defendant before each of the Transfers was made.

16.     Dehon was insolvent at the time the Transfers were made within the meaning of 11 U.S.C. §§ 101(32)(A) and 547(b)(3).

17.     The Transfers enabled Defendant to receive more than Defendant would have received if Dehon's case were a case under Chapter 7 of the Bankruptcy Code, the Transfers had not been made, and Defendant had received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

### Count II – Recovery of Avoided Preferential Transfers (11 U.S.C. § 550)

18.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 17 with the same force and effect as though fully set forth herein.

19.     Defendant was the initial transferee of the Transfers or was the entity for whose benefit the Transfers were made.

20.     The Transfers or the value thereof, to the extent they are avoided pursuant to 11 U.S.C. § 547, may be recovered by Plaintiff from Defendant pursuant to 11 U.S.C. § 550(a).

### Count III – Disallowance of Claim (11 U.S.C. § 502(d))

21.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 20 with the same force and effect as though fully set forth herein.

-4-

22.     Section 502(d) of the Bankruptcy Code provides that:

> [T]he court shall disallow any claim of any entity from which property is recoverable under section . . . 550 . . . of this title or that is a transferee of a transfer avoidable under section . . . 547 . . . of this title unless such entity or transferee has paid the amount or turned over any such property, for which such entity or transferee is liable under section 550 . . . of this title.

23.     The Transfers are recoverable as preferential transfers.

24.     By reason of the foregoing, Plaintiff is entitled to a judgment and order pursuant to Sections 502(d) of the Bankruptcy Code, disallowing any claim asserted by Defendant against Dehon or Dehon's estate, unless and until Defendant pays to Plaintiff the full amount of any judgment obtained by Plaintiff against Defendant as requested herein.

## **Prayer for Relief**

**WHEREFORE**, the Plaintiff prays that that this Court enter judgment for Plaintiff and against Defendant:

1.      avoiding all Transfers made during the Preference Period, including, without limitation, those Transfers set forth on <u>Exhibit A</u> hereto, under 11 U.S.C. § 547(b);

2.      awarding Plaintiff, and directing Defendant immediately to pay, the full amount of the Transfers, totaling at least $40,781.13, together with interest thereon, at the legal rate allowed under 28 U.S.C. § 1961(a) from the date of each transfer;

3.      disallowing in full any and all of Defendant's claims, whether unsecured, secured, administrative or priority, pursuant to 11 U.S.C. § 502(d), unless

-5-

and until Defendant has paid Plaintiff the full amount adjudged to be due

and owing;

4.    awarding Plaintiff, and directing Defendant immediately to pay Plaintiff's,

costs and expenses incurred in this suit; and

5.    granting such other and further relief as this Court may deem necessary

and proper in the circumstances.

Dated:  January 26, 2004

By:    /s/ Douglas B. Rosner
       Douglas B. Rosner (BBO #559963)
       Christian J. Urbano (BBO #644471)
       GOULSTON & STORRS, P.C.
       400 Atlantic Avenue
       Boston, MA  02110-3333
       Tel:    (617) 482-1776
       Fax:    (617) 574-4112
       drosner@goulstonstorrs.com

       Counsel to the Plan Administrator

GSDOCS-1319885-1

**<u>Exhibit A</u>**

| <u>Wire Date or Date Check Honored</u> | <u>Amount</u> | <u>Wire or Check Number</u> |
|---|---|---|
| | | |
| 12/24/2001 | $40,781.13 | 20178 |